UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No.: 6:03-cr-00680-GRA-2 |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Devlin Jermaine Jackson, ) | (Written Opinion) |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant Devlin Jermaine Jackson's ("Defendant") Motion to Reduce Sentence filed on February 6, 2013.[1] Defendant now asks this Court to reduce his sentence based on his family's circumstances. For the reasons stated below, Defendant's motion is DENIED.

## Background

On March 24, 2004, Defendant was sentenced by this Court to 210 months imprisonment for possession with intent to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine) and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C). *See* ECF No. 55. Subsequently, Defendant sought a reduction of this sentence based on the lowered guideline sentencing ranges for crack cocaine offenses in the Fair Sentencing Act of 2010 on two separate occasions. ECF Nos. 80 & 83. However, the Court denied a reduction in Defendant's sentence both times because he was sentenced as a career offender, and his sentencing range was unaffected by the reduction in the Drug

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Quantity Table. ECF Nos. 81 & 84. Defendant now moves for a reduction in his sentence so that he can take care of his family.

## Standard of Review

Defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Discussion

Federal law favors the finality of criminal sentences and closely guards them "against judicial 'change of heart.'" *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)). Under 18 U.S.C. §3582, which governs the imposition of federal prison sentences, a prison sentence "constitutes a final judgment." 18 U.S.C. § 3582(b). In fact, the statute only allows district courts to modify a term of imprisonment that has already been imposed if the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 of the Federal Rules of Criminal Procedure expressly permits the court to do so. *Id.*

In the present case, no motions have been filed by the Government to reduce Defendant's sentence, Defendant's applicable Guidelines range has not changed, and Defendant is unable to point to any federal statute that expressly authorizes this Court to reduce his sentence based on his family responsibilities. Moreover, while

the Court sympathizes with Defendant's family circumstances, even if the Court had such authority, a reduction in sentence would not be warranted in this case.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence is DENIED.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

February  11 , 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**